T.C. Memo. 2003-63

UNITED STATES TAX COURT

MICHAEL S. NORWOOD AND CHRISTINE R. NORWOOD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10281-00.                    Filed March 5, 2003.

Michael S. Norwood and Christine R. Norwood, pro sese.

<u>Edwina L. Jones</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:  Respondent determined a $2,430 deficiency in
petitioners' 1998 Federal income tax.  After concessions by
respondent, the issues for decision are whether for 1998
petitioners are entitled to dependency exemptions under section

151[1] and to child tax credits under section 24 for petitioner Christine Norwood's two sons.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioners resided in Walhalla, South Carolina, at the time their petition was filed with this Court. Christine R. Norwood (petitioner) was formerly married to Thomas V. Harbin. Petitioner and Mr. Harbin had three children: Cassandra, born July 23, 1978; Nicholas, born December 10, 1981; and Jason, born February 13, 1983. Petitioner and Mr. Harbin separated in September 1988; they were divorced in October 1989.

On May 23, 1989, the Family Court, State of South Carolina, County of Oconee (the Family Court), issued an order (the May 23, 1989, order) that incorporated an agreement between the parties. At that time, both parties were employed, but the possibility existed that Mr. Harbin might be laid off and become disabled due to pending back surgery.

The May 23, 1989, order provided, among other things, that petitioner would maintain medical insurance coverage for her children and petitioner and Mr. Harbin would divide equally all

---

[1] Section references are to the Internal Revenue Code in effect for the year at issue.

medical, dental, and pharmaceutical expenses not covered by petitioner's insurance. The May 23, 1989, order also provided that (a) for 1989 and for alternate years thereafter, Mr. Harbin could claim two of the three children as dependents on his income tax returns, and (b) for 1990 and for alternate years thereafter, petitioner could claim two of the three children as dependents on her income tax returns, "continuing until the oldest child attains majority".[2] Petitioner and Mr. Harbin claimed dependency exemptions for Nicholas and Jason for the respective years as provided in the May 23, 1989, order. Neither claimed a dependency exemption for Cassandra.

The children lived with petitioner until February/March 1993, when the children began residing with Mr. Harbin. On May 21, 1993, the Family Court held a hearing with regard to a motion for temporary relief filed by Mr. Harbin on April 27, 1993. At that hearing, petitioner agreed that it would be in the children's best interests for Mr. Harbin to have custody of them. On May 26, 1993, the Family Court issued an order (the May 26, 1993, order) that stated:

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED:

1. The Plaintiff [Mr. Harbin] is granted custody of Cassandra * * *, Nicholas * * *, and Jason * * *.

\*     \*     \*     \*     \*     \*     \*

_____

[2] Cassandra, the eldest child, attained majority age of 18 on July 23, 1996.

3.   The Defendant [petitioner] shall pay child support through the Family Court Support Clerk at the rate of fifty dollars per month beginning June 1, 1993. The Defendant shall pay a 3% collection fee making her payment total $51.50.  Should Defendant fail to pay child support as ordered she may be subjected to wage garnishment and/or contempt of court proceedings.

4.   The Defendant shall maintain insurance on the children, and the parties shall evenly divide and pay for any extraordinary medical, dental, and pharmaceutical expenses of the children.

5.   The Defendant shall notify the Plaintiff if she gains full-time employment or social security disability.

As of June 1993, Mr. Harbin's gross income was $1,733.33 per month, whereas, petitioner had a monthly income of $291.63.

Sometime between June and September 1993, petitioner began receiving disability payments from Social Security of approximately $200 per month; these payments were sent to Mr. Harbin for the support of the children.  On October 14, 1993, the Family Court issued another order that terminated as of September 1, 1993, petitioner's obligation to pay child support through the court to Mr. Harbin.

During 1998, Nicholas and Jason resided with Mr. Harbin. Cassandra and her daughter, Brooklyn Harbin (Brooklyn), resided with petitioners.

On their 1998 Form 1040A, U.S. Individual Income Tax Return, petitioners claimed dependency exemption deductions and child tax credits for Nicholas, Jason, and Brooklyn.  However, petitioners did not attach to their 1998 Form 1040A, nor did they send under

separate cover to respondent, a copy of Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, signed by Mr. Harbin who was the custodial parent.

On August 18, 2000, respondent mailed a notice of deficiency to petitioners. In that notice, respondent disallowed petitioners' claimed exemption deductions and child tax credits for Nicholas, Jason, and Brooklyn on the grounds that petitioners failed to verify petitioners' entitlement thereto. Prior to trial, respondent conceded petitioners' entitlement to an exemption deduction and child tax credit for Brooklyn.

## OPINION

### Dependency Exemption

In general, a taxpayer is entitled to an exemption for each dependent child under 19 years of age. Sec. 151(c)(1)(B)(i). To be so entitled, the taxpayer must provide (or be treated as providing) over half of the child's support in the year for which the exemption is claimed. Sec. 152(a). Where parents are divorced or separated, the parent who has physical custody of a child for the greater portion of the calendar year (the custodial parent) generally is deemed to have provided more than half of such child's support in that year. Sec. 152(e)(1).

Section 152(e)(2), however, provides an exception to the general rule of section 152(e)(1). Under section 152(e)(2), a child

will be treated as receiving more than half of his support during a calendar year from the noncustodial parent if:

>    (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

>    (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year. [Sec. 152(e)(2)(A) and (B).]

The Internal Revenue Service has prescribed Form 8332 as the appropriate form by which the noncustodial parent may satisfy the written declaration requirement of section 152(e)(2).  See Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).   Form 8332 requires, among other things, that the custodial parent declare that he or she will not claim an exemption for the child or children named on the form for the years for which the exemption claim is being released.

In the case before us, petitioner does not dispute that for 1998, Mr. Harbin was the custodial parent of Nicholas and Jason. As such, he ordinarily would be entitled to the dependency exemptions for Nicholas and Jason for 1998.  To claim Nicholas and Jason as dependents for 1998, petitioner, as the noncustodial parent, would have had to have attached to her 1998 income tax

return a copy of Form 8332, signed by Mr. Harbin, releasing his claim to the exemptions.  This she did not do.

Petitioner's assertion that she is entitled to claim the dependency exemptions for Nicholas and Jason in 1998 is premised on the May 23, 1989, order which states that petitioner and Mr. Harbin may claim two dependents in alternate years.  However, petitioners' position is not supported by the May 23, 1989, order because it specifically states that those provisions of the order relating to the parent who may claim the dependency exemptions terminate when "the oldest child attains majority".  (Petitioner's oldest child, Cassandra, turned 18 on July 23, 1996.)  Petitioner contends "that is not what the judge intended."  According to petitioner, the judge meant to say in his order "until your youngest child (not the oldest child) is 18 years old."

Even if, as petitioner asserts, the May 23, 1989, order was in error, that order was superseded by the May 26, 1993, order giving sole custody of the children to Mr. Harbin.  See sec. 1.152-4(b), Income Tax Regs. (custody determined by most recent decree).  Under Federal tax law, Mr. Harbin, as custodial parent, was entitled to dependency exemptions for Nicholas and Jason for 1998. Consequently, any order issued by the Oconee County Family Court (even an order attempting to grant dependency exemptions for Nicholas and Jason to petitioner for 1998) would not per se entitle petitioner, as the noncustodial parent, to the claimed dependency

exemptions for Nicholas and Jason for 1998. See <u>Miller v. Commissioner</u>, <u>supra</u>. Petitioners did not attach to their 1998 income tax return a written declaration signed by Mr. Harbin releasing his right to dependency exemptions for Nicholas and Jason for 1998. Thus, under Federal tax law, petitioners are not entitled to the dependency exemptions for Nicholas and Jason. To conclude this aspect of our opinion, because petitioner, the noncustodial parent, did not meet the written declaration requirement, she does not come within the statutory exception provided in section 152(e)(2). See <u>Loffer v. Commissioner</u>, T.C. Memo. 2002-298; <u>Horn v. Commissioner</u>, T.C. Memo. 2002-290; <u>Neal v. Commissioner</u>, T.C. Memo. 1999-97; <u>Cafarelli v. Commissioner</u>, T.C. Memo. 1994-265; <u>Brown v. Commissioner</u>, T.C. Memo. 1992-548, affd. without published opinion 7 F.3d 1042 (8th Cir. 1993). Accordingly, we hold that petitioner is not entitled to the claimed dependency exemptions for Nicholas and Jason for 1998.

<u>Child Tax Credit</u>

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child". A qualifying child is defined, inter alia, as any individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year"

and the child is under the age of 17 at the close of the calendar year for which the tax credit is claimed.[3]  Sec. 24(c)(1)(A) and (B).

Because petitioner is not entitled to dependency exemptions under section 151 with respect to Nicholas and Jason for 1998, petitioner does not have an eligible or qualifying child. Accordingly, petitioner is not entitled to the claimed child tax credits under section 24(a) with respect to Nicholas and Jason for 1998.

To reflect the foregoing and respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[3]    We are mindful that Nicholas was born on Dec. 10, 1981, and therefore reached age 17 on Dec. 10, 1998.  Consequently, even if petitioner were entitled to a dependency exemption for Nicholas (which she is not), Nicholas would not be a "qualifying child" for purposes of the child tax credit.